IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 20-cr-036-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     JORGE DE LA ROSA-CALDERON,
2.     EMILIO JOSIAH DEHERRERA,
3.     JANINE JANELLE DEHERRERA,
4.     ALEXZANDER BLAIER, and
5.     **WESLEY PAPPAS,**

    Defendants.

---

**ORDER DENYING DEFENDANT'S MOTION FOR REVOCATION
OR AMENDMENT OF DETENTION ORDER**

---

The Government charges Defendant Wesley Pappas ("Pappas" or "Defendant") with one count of conspiracy to distribute and possess with intent to distribute controlled substances, in violation of 21 U.S.C. § 846; one count of possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); one count of possession with intent to distribute a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c); and one count of possession with intent to distribute 28 grams or more of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii).  (*See* ECF No. 38.)

On February 21, 2020, U.S. Magistrate Judge Scott T. Varholak ordered that

Pappas be detained pending trial. (ECF No. 12.) On May 20, 2020, Pappas filed a motion to review his detention status (ECF No. 73), which was denied by Judge Varholak on May 21, 2020 (ECF No. 75).

Currently before the Court is Pappas's Motion for Revocation or Amendment of Detention Order ("Motion"), which was filed on May 22, 2020. (ECF No. 76.) The Government filed its response on June 5, 2020 (ECF No. 85), and Pappas filed his reply on June 19, 2020 (ECF No. 91).

No hearing is necessary to resolve the Motion. For the reasons explained below, the Court finds that Pappas's request for temporary release is unavailing under the circumstances. The Court therefore leaves Judge Varholak's February 21, 2020 detention order undisturbed.

## I. DETENTION PRESUMPTIONS & STANDARD OF REVIEW

### A.   Initial Standard

The Court "shall order the detention of the [defendant] before trial" if it finds, after a hearing, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). "Subject to rebuttal by the [defendant], it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed * * * an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. [§] 801 et seq.)." *Id.* § 3142(e)(3)(A). This presumption applies to Pappas because he was charged with

possession with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, which carries a term of imprisonment of "not less than 10 years."  21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii).

"Once the presumption is invoked, the burden of production shifts to the defendant.  However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government.  The defendant's burden of production is not heavy, but some evidence must be produced."  *United States v. Stricklin*, 932 F.2d 1353, 1354–55 (10th Cir. 1991)

"The facts the judicial officer uses to support a finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."  18 U.S.C. § 3142(f)(2).  As for risk of flight, the burden is preponderance of the evidence.  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

The factors the Court "shall" consider when deciding whether to grant pretrial release are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at

>> court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). Additionally, the presumption of detention, even if countered by the defendant with adequate evidence, "remains a factor for consideration by the district court in determining whether to release or detain." *Stricklin*, 932 F.2d at 1355.

## B.     Reopening Detention Order

If a court detains the defendant, the defendant may ask that court to revisit that conclusion under certain circumstances.

First, the defendant can argue that relevant information, not previously known, has come to light:

> The [detention] hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f)(2).

Second, the defendant may argue that preparation of a defense or other "compelling" circumstances justify "temporary release":

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United

> States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

*Id*. § 3142(i).

### C.    Review

"If a person is ordered detained by a magistrate judge, . . . the person may file, with the [district court], a motion for revocation or amendment of the order."  *Id.* § 3145(b).  The district judge then reviews the magistrate judge's decision *de novo*. *Cisneros*, 328 F.3d at 616 n.1.

> *De novo* review, however, does not necessarily mean holding an evidentiary hearing.  Although a district court may start from scratch and take evidence, it may also review the evidence that was before the magistrate judge and make its own independent determination as to whether the magistrate judge's findings and detention order are correct.  This is a matter of discretion for the district court.

*United States v. Romero*, 2010 WL 11523871, at *2 (D. Colo. May 17, 2010) (internal quotation marks and citations omitted).

## II.  BACKGROUND

Pappas was charged by complaint on February 7, 2020 following the execution of a federal search warrant at his residence, which yielded approximately 375 gross grams of suspected methamphetamine, 72 gross grams of suspected cocaine, 79 gross grams of suspected crack cocaine, and 128 gross grams of suspected oxycodone pills. (ECF No. 1; ECF No. 1-1 at 2–3, ¶ 5.)

On February 21, 2020, Judge Varholak conducted a detention hearing and concluded that pretrial release was inappropriate because Pappas was charged with

distribution of narcotics, he has a lengthy criminal history with multiple felony convictions, he was under supervision at the time of the instant offense, and he has a record of failing to appear and failing to comply with supervision. (ECF No. 12 at 3.) Based on the record, Judge Varholak concluded that "there are no conditions or combination of conditions that the Court can impose to assure the defendant's presence or the safety of the community" and ordered that Pappas be detained pending trial. (*Id.*) Pappas is currently housed at FCI Englewood.

Pappas filed a Motion to Review Defendant's Detention Status on May 20, 2020 in which he argues that, pursuant to 18 U.S.C. §§ 3142(f)(2) and (i), the Court should reconsider his detention status in light of the COVID-19 pandemic. (ECF No. 73.) In particular, Pappas asserts that he is at a higher risk for COVID-19 based on alleged lung damage sustained as a result of being shot three times in early 2019. (*Id.* at 3.) He also argues that temporary release is appropriate because his ability to confer with counsel is limited by COVID-19 related restrictions at his facility. (*Id.* at 4–5.)

On May 21, 2020, Judge Varholak denied the motion because Pappas failed "to identify any changed circumstances that would undermine [his] earlier conclusion that there are no conditions or combination of conditions that the Court can impose to assure the defendant's presence or the safety of the community." (ECF No. 75.) Judge Varholak therefore concluded, for the second time, that Pappas should not be released from detention pending trial.

The next day, on May 22, 2020, Pappas filed the Motion currently before the Court, in which he requests that the Court review the status of his detention pursuant to 18 U.S.C. § 3145(b). (ECF No. 76.)

### III.  ANALYSIS

Section 3142(i) presumes that a person is properly detained under § 3142(g) but recognizes that the need to prepare a defense or some other compelling reason (*i.e.*, beyond those already considered under § 3142(g)) may nonetheless warrant temporary release.  In this light, and because the Court reviews Judge Varholak's Detention Order *de novo*, the Court finds it prudent to first analyze whether the § 3142(g) factors weigh in favor of pretrial release.  The Court will then analyze whether § 3142(i) nonetheless counsels in favor of temporary release in light of Pappas's medical risk factors or the need to prepare a defense.

**A.     Consideration of § 3142(g) Factors**

The Government argues that Pappas's criminal history demonstrates that he is a flight risk and a danger to the community.  With respect to flight risk, the Government points out that Pappas's record contains three failures to appear, three instances in which he absconded from parole, and one conviction for attempted escape.  (ECF No. 85 at 20.)  He has also used three aliases.  (*Id.*)

With respect to the danger that Pappas presents to the community, the Government emphasizes that Pappas's record contains numerous convictions, including second degree aggravated car theft, reckless endangerment, discharging a firearm, second degree burglary, possession of a firearm by a convicted felon, felony grand theft, third degree assault, and accessory to a crime where retaliation against a witness/victim were the original charges.  (*Id.*)  At the time of the alleged instant offense, Pappas was still on probation for a different felony drug charge and possession of a firearm as a convicted felon.  (*Id.* at 20–21.)  Moreover, a search warrant of his

residence uncovered 375 grams of suspected methamphetamine, 72 grams of suspected cocaine, 79 grams of suspected crack cocaine, and 128 grams of suspected oxycodone pills.  (*Id.* at 16–17.)   A search of his vehicle also uncovered a shotgun stock, three firearms (including a sawed-off shotgun that was reported stolen in 2018), and 50 rounds of assorted ammunition.  (*Id.* at 17.)

Notably, Pappas does not contest these facts.  Nor does he argue that the original 18 U.S.C. § 3142(g) factors do not weigh in favor of his detention.

After careful consideration of the § 3142(g) factors, the Court concurs with Judge Varholak's initial assessment that there is clear and convincing evidence of community danger and that Pappas is a clear flight risk.  Accordingly, the Court finds that Pappas's detention was proper.

**B.     Consideration of § 3142(i) Factors**

Having found that Pappas must be detained, the Court now evaluates whether it will nonetheless "permit [him] temporary release" because it is "necessary for preparation of [his] defense or for another compelling reason."  18 U.S.C. § 3142(i).

In his Motion, Pappas argues that the Court should grant him temporary release from detention so that he can "have the opportunity to prepare his defense and to seek proper medical for his deteriorating medical condition."  (ECF No. 76 at 2.)  The Court will consider each argument below.

1.     Risk of Contracting COVID-19

Pappas asserts that he has lung damage after being shot in early 2019, and therefore that he is at high risk for developing a serious illness should he contract COVID-19.  (ECF No. 73 at 3–4.)  He claims that his left lung contains numerous bullet

8

fragments and that he continues to have breathing problems as a result of this injury. (*Id.*)[1]

The Government argues that the Defendant's representations regarding his lung condition are not supported by his medical records. (ECF No. 85 at 6.) For example, when he was first seen by BOP doctors on February 10, 2020, Pappas did not report having any respiratory issues when discussing his medical complications from being shot. (*Id.* at 5.) Nor did he mention any difficulties breathing in four subsequent medical appointments. (*Id.* at 6.) For purposes of the Motion, however, the Court will assume that Pappas does have lung damage as a result of being shot.

Even assuming that Pappas is at a somewhat higher risk of serious complications from COVID-19 as compared to the general jail population, the Court does not believe that his particular condition and circumstances provide a compelling reason to justify temporarily releasing him from pretrial detention at this time. Pappas is 42 years old, which puts him significantly below the high-risk age group (65 years or older) identified by the CDC.[2] Moreover, he does not assert that COVID-19 is presently running rampant in his facility. The BOP website shows that as of today, FCI Englewood has only 7 cases of the virus. *See* "COVID-19 Cases" (table), *at* https://www.bop.gov/coronavirus/ (last accessed July 23, 2020).

Thus, the Court finds that Pappas's risk of contracting COVID-19 is not a

---

[1] Pappas also claims that he is "receiving no rehabilitation counseling and little or no medical treatment for his condition." (ECF No. 73 at 6.) However, he does not specify what treatment, if any, he believes he should be receiving.

[2] Centers for Disease Control and Prevention, *Older Adults*, *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last updated June 25, 2020).

compelling reason justifying his temporary release.[3]

    2.    <u>Preparation of His Defense</u>

Pappas argues that restrictions imposed by FCI Englewood in response to COVID-19 have "all but destroyed the Defendant's ability to viably participate in the preparation of his defense." (ECF No. 73 at 7.) Thus, he contends that his temporary release is "necessary for preparation of the person's defense." 18 U.S.C. § 3142(i).

In light of the COVID-19 pandemic, FCI Englewood has temporarily suspended in-person visits. Although attorneys are still able to schedule legal phone calls with their clients, Pappas alleges that responses to "counsel's requests for legal phone contact are delayed and counsel is requested to limit his requests to actual emergencies or preparation for an imminent hearing." (*Id.* at 4.) Pappas contends that, as a result, he has only spoken with his attorney twice since early April. (*Id.* at 4–5.)

The Court recognizes that FCI Englewood's COVID-19 policies—which were implemented to enhance the safety of detainees and the jail staff—present challenges to communication with counsel. It appears likely that the policies implemented will make it more difficult for detained defendants to communicate with counsel in the short term. However, Pappas fails to adequately allege that the facility's alternative methods of communication deprive him of his right to effective counsel such that temporary release from detention would be appropriate. Pappas does not allege that he has tried

---

[3] Although it recognizes that the risk of COVID-19 may not have been known at the time of Pappas's detention hearing, the Court finds that Pappas's request for release under § 3142(f)(2) is unavailing for the same reasons set forth above. Additionally, Pappas has failed to prove that COVID-19 has a "material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2).

to schedule more than two calls with his attorney. Nor does he argue that any requests for legal phone calls have been denied. Thus, based on the information provided, the Court is unable to conclude that phone calls with counsel are not a feasible alternative for Pappas to have private, privileged conversations with his attorney.

Pappas also contends that his temporary release is necessary so he can review audio and video recordings that, pursuant to the terms of the protective order in this case (*see* ECF No. 65), cannot be viewed by Pappas outside of the direct presence of his counsel (ECF No. 73 at 5). In response, the Government identifies a number of interim solutions to allow defense counsel to continue to prepare Pappas's defense while in-person visitation remains suspended: (1) the Government has represented that it is willing to identify the undercover agents in the videos for defense counsel; (2) the Government suggests that defense counsel could review the detailed reports that describe the movements of the individuals in the videos and their statements; and (3) the Government has represented that it is "willing to help facilitate a [remote review of the video and audio recordings] with the facility." (ECF No. 85 at 14.) Pappas offers no reason why the alternatives proposed by the Government will not suffice until he can meet in-person with his attorney.[4]

After careful consideration of the parties' arguments and the factors justifying Pappas's detention, the Court is unable to conclude that Pappas's temporary release from detention is necessary for the preparation of his defense or for another compelling reason.

---

[4] Moreover, Pappas's trial date is still over three months away. (ECF No. 92.) To the extent Pappas and his counsel require additional time to confer, review discovery, and/or prepare his defense, he may make an application to the Court for an extension of time.

## IV.  CONCLUSION

For the reasons set forth above, Pappas's Motion to Review Defendant's Detention Status (ECF No. 76) is DENIED, and Judge Varholak's February 21, 2020 detention order (ECF No. 12) is AFFIRMED.

Dated this 23rd day of July, 2020.

BY THE COURT:

_____
William J. Martinez
United States District Judge