# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Case No. 20-cr-036-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   JORGE DE LA ROSA-CALDERON,
2.   EMILIO JOSIAH DEHERRERA,
3.   JANINE JANELLE DEHERRERA,
4.   ALEXZANDER BLAIR, and
5.   **WESLEY PAPPAS,**

    Defendants.

## ORDER DENYING DEFENDANT WESLEY PAPPAS'S SECOND MOTION TO DISCLOSE GRAND JURY PROCEEDINGS

This matter is before the Court on Defendant Wesley Pappas's Second Motion to Disclose Grand Jury Proceedings ("Motion"), filed on February 24, 2021.[1] (ECF No. 195.) The Government responded on March 5, 2021 (ECF No. 196), and Pappas replied on March 15, 2021 (ECF No. 200).

The Court presumes familiarity with the facts of this case and the extensive procedural history. For the reasons set forth below, the Motion is denied.

## I. APPLICABLE LAW

The Supreme Court has consistently "recognized that the proper functioning of

---

[1] The Court denied Pappas's first Motion to Disclose Grand Jury Materials on October 19, 2020. (ECF No. 172.)

our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 218 (1979). "Secrecy, however, is not absolute." *In re Special Grand Jury 89-2*, 143 F.3d 565, 569 (10th Cir. 1998). Under Federal Rule of Criminal Procedure 6(e)(3)(E), a court may order disclosure of grand jury material "preliminarily to or in connection with a judicial proceeding" or "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury."

A district court has substantial discretion to determine whether grand jury materials should be released. *See Douglas Oil*, 441 U.S. at 223. However, "[t]he prerequisites for disclosure of grand jury materials are demanding." *In re Grand Jury 95-1*, 118 F.3d 1433, 1437 (10th Cir. 1997). To warrant disclosure, a party must show the following: (1) that the material sought is needed to avoid a possible injustice in another judicial proceeding; (2) that the need for disclosure is greater than the need for continued secrecy; and (3) that the request is structured to cover only material so needed. *Id.* To satisfy the first prong, a defendant must identify a "particularized need" for the grand jury materials. *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 400 (1959). "Relevance alone is not sufficient; secrecy will not be broken absent a compelling necessity for the materials." *In re Grand Jury 95-1*, 118 F.3d at 1437. A request for grand jury materials "must amount to more than a request for authorization to engage in a fishing expedition." *Id.* (quotation marks omitted).

## II. ANALYSIS

Pappas asks the Court to enter an "Order directing the Government to provide to defense counsel the grand jury transcripts that resulted in the return of the Superseding

2

Indictment." (ECF No. 195 at 1.) As a result of the Court's suppression of Pappas's February 5, 2020 post arrest statements (ECF No. 188), Pappas contends that "new grounds exist . . . that establish [his] particularized need for grand jury transcripts" (ECF No. 195 at 2). Specifically, Pappas asserts that "[i]t is reasonable to assume that the [G]overnment presented testimony to the grand jury considering the charges pertaining to [him] in the Superseding Indictment that included [his] post-arrest statements that are now suppressed" and that "the grand jury relied heavily on this suppressed evidence in reaching its finding of probable cause as to him." (*Id.* at 3.) Moreover, he argues that

> [d]isclosure of the grand jury testimony will establish that the grand jury heard numerous references to the premises where the controlled substances were seized as the 'Pappas residence,' when in fact the [G]overnment knew that another individual leased and resided at the residence full-time. [He] asserts the grand jury will establish the mischaracterization of the premises was persistently and improperly presented during the grand jury proceeding. [He] believes that the Government's failure to accurately identify the true resident of the premises to the grand jury, coupled with the introduction of his suppressed statements, could warrant dismissal of the [Superseding] Indictment.

(*Id.*) He argues that "but for the introduction of the suppressed evidence and mischaracterization of the evidence concerning the true occupant of the residence, there was not sufficient evidence presented to the grand jury to warrant the return of the Superseding Indictment" and that the grand jury transcripts are "essential to [his] formulation of a motion to dismiss the Superseding Indictment." (*Id.* at 3–4.)

In response, the Government argues that Pappas has failed to demonstrate a particularized need that justifies access to the grand jury transcripts. (ECF No. 196 at 2.) According to the Government, any argument that Pappas was not the true resident

3

of the Englewood apartment was not known when it presented to the grand jury for consideration of the Superseding Indictment. (*Id.* at 4–5.) It further argues that Pappas's speculation that the grand jury "relied heavily" on Pappas's now-suppressed statements that he resided in the Englewood apartment ignores other evidence in this case, namely that law enforcement had previously linked Pappas to the Englewood apartment and that Pappas left the Englewood apartment immediately prior to the execution of the search warrant. (*Id.* at 5.)

The Court finds that Pappas's speculation that the grand jury "relied heavily" relied on his suppressed statement does not warrant disclosure of the grand jury transcripts. After all, courts have repeatedly refused to analyze the sufficiency of indictments based on inadmissible or suppressed evidence. *See, e.g.*, *United States v. Williams*, 504 U.S. 36, 49 (1992) (stating in dicta that "our cases suggest that an indictment obtained through the use of evidence previously obtained in violation of the privilege against self-incrimination 'is nevertheless valid'"); *United States v. Calandra*, 414 U.S. 338, 349 (1974) (stating that "an indictment valid on its face is not subject to challenge on the ground that the grand jury acted on . . . the basis of information obtained in violation of a defendant's Fifth Amendment privilege against self-incrimination"); *Costello v. United States*, 350 U.S. 359, 363 (1956) ("[i]f indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed").

Pappas offers no support for his contention that a defendant may move to dismiss an indictment on the basis that the grand jury materials—purged of any references to subsequently suppressed evidence—do not support a finding of probable

4

cause. Nor is the Court aware of any such authority. Pappas has therefore failed to demonstrate that the requested grand jury transcripts will help him pursue a motion to dismiss the Superseding Indictment, such that he has shown a "particularized need" for the grand jury materials.

The Court further finds that Pappas is unable to establish that he has a particularized need for the grand jury transcripts to demonstrate government misconduct during the grand jury proceedings. Although Pappas accuses the Government of failing to accurately identify the true resident of the Englewood apartment to the grand jury (ECF No. 195 at 3), he ignores the fact that *he admitted* in his now-suppressed statement that he lived at the Englewood apartment (*see, e.g.*, ECF No. 82-1). The Government also points out that Pappas previously asked law enforcement, through prior counsel, to "give money seized from [Pappas] at the time of his arrest to [Pappas's] associate to pay [Pappas's] landlord for February rent for the Englewood apartment." (ECF No. 196 at 5.) Such facts weigh heavily against any inference that the Government engaged in misconduct by referring (or allowing witnesses to refer) to the Englewood apartment as Pappas's residence.

However, even assuming that the Government "knew that another individual leased and resided at the residence full-time" at the time it obtained the Superseding Indictment against Pappas (ECF No. 195 at 3), this accusation still does not demonstrate a basis to dismiss the Superseding Indictment such that Pappas has established a particularized need for the grand jury transcripts. After all, in *Williams*, the Supreme Court held that "[a] district court may not dismiss an otherwise valid indictment because the Government failed to disclose to the grand jury 'substantial exculpatory

5

evidence' in its possession." 504 U.S. at 36. According to the Supreme Court,

> [i]t would make little sense, we think, to abstain from reviewing the evidentiary support for the grand jury's judgment while scrutinizing the sufficiency of the prosecutor's presentation. A complaint about the quality or adequacy of the evidence [presented to a grand jury] can always be recast as a complaint that the prosecutor's presentation was "incomplete" or "misleading." . . . Review of facially valid indictments on such grounds "would run counter to the whole history of the grand jury institution[,] [and] [n]either justice nor the concept of a fair trial requires [it]."

*Id.* at 54 (quoting *Costello*, 350 U.S. at 364).

Accordingly, the Court finds that Pappas has failed to demonstrate a particularized need for the grand jury transcripts. Because Pappas has failed to satisfy the first prerequisite for access to the grand jury materials, the Court need not consider the other prerequisites for disclosure.

### III. CONCLUSION

For the reasons set forth above, Pappas's Second Motion to Disclose Grand Jury Proceedings (ECF No. 195) is DENIED.

Dated this 18th day of May, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge

6