**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 20-cr-036-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   JORGE DE LA ROSA-CALDERON,
2.   EMILIO JOSIAH DEHERRERA,
3.   JANINE JANELLE DEHERRERA,
4.   ALEXZANDER BLAIR, and
5.   **WESLEY PAPPAS,**

    Defendants.

---

**ORDER OVERRULING DEFENDANT WESLEY PAPPAS'S OBJECTIONS TO EXPERT DISCLOSURES OF THE GOVERNMENT**

---

This matter is before the Court on Defendant Wesley Pappas's Objections to Expert Disclosures of the Government ("Objections"), filed on July 14, 2021. (ECF No. 257.) The Government responded on July 16, 2021. (ECF No. 270.)

The Court presumes familiarity with the facts of the case, as well as the Court's prior orders. For the reasons set forth below, the Objections are overruled.

## I. FACTUAL BACKGROUND

On July 7, 2021, the Government provided defense counsel with a letter notifying them that it may call up to nine chemists[1] to testify at trial in the discipline of forensic

---

[1] These chemists include Minh Chau L. Nguyen, Son X. Hoang, Shana M. Irby, Suk I. Fullbright, Steven L. Aliyetti, Leonard Moore, Brittany C. Huntington, Jason Henninger, and X. Charmaine Qiu, all of whom are Forensic Scientists with the DEA Western Laboratory. (ECF No. 257-1.)

chemistry, "specifically as it pertains to conducting chemical analysis of suspected controlled substances, including the chemical analysis of substances seized in this investigation." (ECF No. 257-1 at 1.)  The Government attached each chemist's *curriculum vitae*, which sets forth their qualifications, experience, and training, and stated that "[e]ach chemist bases their opinions on their education, training, examination, and analysis of the exhibits [which] were submitted for analysis in this case." (*Id.* at 2.)  It further represented that "[e]ach chemist will testify at trial in accordance with the lab reports and litigation packets previously disclosed to you" and directed defense counsel to the discovery Bates numbers for each litigation packet. (*Id.* at 2–3.)

Moreover, although it "maintains that testimony pertaining to cell phone GPS pings in this case does not constitute expert testimony and is properly admissible as Fed. R. Evid. 701 testimony," the Government also endorsed two witnesses to testify regarding the cell phone records in this case:

> (1) a qualified witness from Sprint, who planned to "testify to the cell phone records obtained in this case, including cell tower locations and operations with handheld devices . . . and how Sprint obtains 'pings' from handheld devices and maintains those records as part of its daily operation"; and
>
> (2) Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Special Agent Travis Johnson, who planned to testify "that he received cell phone tower location information and 'ping' location information from Sprint" and "copied verbatim the location information as provided by Sprint into an internet browser which mapped the location."

(*Id.* at 3.)

## II. ANALYSIS

Pappas raises two objections to the Government's July 7, 2021 expert

disclosures, arguing: (1) the Government's disclosures do not meet the requirements of expert disclosures; and (2) testimony regarding cell phone GPS pings is inadmissible as lay or expert testimony.  (ECF No. 257 at 2.)  The Court will consider each objection below.

## A. Adequacy of the Government's Disclosures

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G),

> **Expert Witnesses.**  At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.  If the government requests discovery under subdivision (b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition.  The summary provided under this subparagraph must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

Pappas argues that "[t]he prosecution's purported disclosures, while timely, do not meet the requirements of expert disclosures" because "[t]he government has simply produced a letter . . . which says that its experts' opinions and bases therefor are in discovery, and defendant you can go look for them."  (ECF No. 257 at 3.)  According to Pappas, the location of the experts' summaries "is not readily ascertainable" and "Rule 16(a)(1)(G) does not contemplate having a party look for the information itself."  (*Id.* at 4.)  As such, Pappas argues the Court should preclude the testimony of these expert witnesses.  (*Id.* at 5.)

The Government responds that "[p]ointing [Pappas] to the witness' written opinion, the witness' qualifications, and the bases underlying the witness' opinion is

3

what is required by the rule." (ECF No. 270 at 3.) Moreover, the Government contends that it "did not simply point [Pappas] to the discovery in the case" but instead "told [Pappas] exactly where the witness' opinion was located and the bases for the opinion." (*Id.*)

Critically, Pappas does not cite any case law supporting his argument that the Government's disclosures were inadequate under Rule 16. While the Government could have provided a more fulsome notice by including within the notice the content of each expert witness's opinions, the bases and reasons for those opinions, and each witness's qualifications—rather than merely incorporating by reference each witness's litigation packet—the Court cannot conclude that Rule 16 required anything more than what the Government provided.[2]

As such, Pappas's request that the Court preclude the expert testimony of all of the Government's chemists is denied.

**B.     Expert Testimony Regarding GPS Pings**

A district court must act as a "gatekeeper" in admitting or excluding expert testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005). Expert opinion testimony is admissible if it is relevant and reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 594–95 (1993). The opinions are relevant if they would "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. They are reliable if (1) the expert is qualified "by knowledge, skill, experience, training, or education," (2) his opinions are "based upon sufficient facts or data," and (3) they are "the product of reliable principles and methods." *Id.* The

---

[2] Even if the Government's notice was deficient under Rule 16, the Court still believes that Pappas's requested relief—exclusion of all of the Government's chemists—would be a

proponent of expert testimony has the burden to show that the testimony is admissible. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

Pappas argues that "the Government cannot satisfy its burden as to expert or lay opinion testimony" for the Sprint witness and ATF Special Agent Johnson. (ECF No. 257 at 5, 9.) While he concedes that "cell phone records themselves are not scientific," Pappas argues that "the [G]overnment has not identified a specific individual or provided his/her expertise" from Sprint. (*Id.* at 9.) He further argues, *inter alia*, that: there are not "universally recognized academic degrees for cell phone record analysts"; that there is not a "central committee, board or organization responsible for accrediting, overseeing, or certifying individual analysts or laboratories engaged in such analysis"; and that cell phone record analysis has not been subjected to blind external proficiency testing, peer review, or statistical analysis. (*Id.* at 9–10.) From these facts, Pappas argues that "there is no empirical proof that such an analyst can offer assistance to the trier of fact in the form of reliable and accurate scientific information." (*Id.* at 10.)

In response, the Government argues "[t]he testimony pertaining to the GPS pings of De La Rosa[-Calderon's] phone is not expert testimony" and that it only endorsed the Sprint witness and ATF Special Agent Johnson as expert witnesses out of an abundance of caution. (ECF No. 270 at 4.) The Government further represents that: (1) Sprint records the GPS ping information in the regular course of business as it maintains functioning cell phone towers, and (2) the testimony by Special Agent Johnson and the Sprint witness will be familiar to jurors based on the fact that cell phones are a ubiquitous part of everyday life in this country. (ECF No. 270 at 5.)

After reviewing Pappas's Objection, the Court concludes that Pappas has not

---

disproportionately drastic remedy.

sufficiently developed his argument demonstrating that the testimony by ATF Special Agent Johnson and the Sprint representative regarding cell phone data evidence will be scientific, technical, or specialized in nature, such that the requirements of Rule 702 apply.[3]  *See Phillips v. Calhoun*, 956 F.2d 949, 953–54 (10th Cir. 1992) ("[A] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point." (*quoting Pelfresne v. Village of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir.1990))).

For example, although Pappas cites the legal tests for determining whether testimony is lay opinion or expert testimony (*see* ECF No. 257 at 7–8), he does not *apply* the tests to the testimony at issue in this case to demonstrate that the Rule 702 requirements apply.  Nor does he cite any case law in which courts have determined that the types of cell phone call-detail records and/or GPS ping evidence at issue in this case require expert testimony or are impermissible topics for lay opinion testimony. This deficiency is particularly acute in light of Pappas's concession that "cell phone records themselves are not scientific."  (ECF No. 257 at 9.)

Accordingly, because Pappas has failed to demonstrate that the anticipated testimony from ATF Special Agent Johnson and the Sprint witness is expert testimony subject to Rule 702, this portion of the Objection is overruled.

---

[3] The Court recognizes that the proponent of expert testimony normally bears the burden of establishing the foundational requirements of Rule 702.  *See Nacchio*, 555 F.3d at 1241. However, in this case, the Government takes the position that the testimony is *not* expert testimony and Pappas argues that the Government has failed to comply with the foundational requirements of Rule 702.

### III. CONCLUSION

For the reasons stated above, the Court ORDERS that Defendant's Objections to Expert Disclosures of the Government (ECF No. 257) are OVERRULED.

Dated this 28th day of July, 2021.

BY THE COURT:

William J. Martinez
United States District Judge