**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 20-cr-036-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.   JORGE DE LA ROSA-CALDERON,
2.   EMILIO JOSIAH DEHERRERA,
3.   JANINE JANELLE DEHERRERA,
4.   ALEXZANDER BLAIR, and
5.   **WESLEY PAPPAS,**

    Defendants.

---

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT WESLEY PAPPAS'S REQUEST FOR LEAVE TO FILE AN ADDITIONAL MOTION TO EXCLUDE EVIDENCE**

---

This case is before the Court on Defendant Wesley Pappas's Request for Leave to File an Additional Motion to Exclude Evidence ("Motion"). (ECF No. 299.) The Government responded on August 1, 2021. (ECF No. 304.) Because the parties discuss the merits of Pappas's request and in light of the fact that Pappas's trial has already begun, the Motion is granted to the extent that Pappas seeks substantive review of his request to exclude evidence and the Court will construe the Motion as a motion to exclude the evidence described therein. For the reasons stated below, Pappas's request to exclude evidence is granted in part and denied in part.

**I. LEGAL STANDARDS**

Under Federal Rule of Criminal Procedure 16(e),

> ***Documents and Objects.*** Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
>
> (i) the item is material to preparing the defense;
>
> (ii) the government intends to use the item in its case-in-chief at trial; or
>
> (iii) the item was obtained from or belongs to the defendant.

A similar rule exists with respect to the results or reports of any physical or mental examination and of any scientific test or experiment. *See* Fed. R. Crim. P. 16(f).

District courts have broad discretion to sanction a party who violates discovery orders. *United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002). "In selecting a proper sanction, the district court should consider (1) the reasons the government delayed producing requested materials, including whether the government acted in bad faith; (2) the extent of prejudice to the defendant as a result of the delay; and (3) the feasibility of curing any prejudice with a continuance." *Id.* (citing *United States v. Gonzales*, 164 F.3d 1285, 1292 (10th Cir. 1999)). In the absence of a finding of bad faith, a court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order. *Id.* Moreover, to support a finding of prejudice, a court must determine that the delay impacted the defendant's ability to prepare or present its case. *Id.*

## II. ANALYSIS

Pappas asks the Court to exclude numerous items of discovery that the Government produced between July 6, 2021 and July 29, 2021 on the basis that these items "have been in the possession, custody or control of the [G]overnment but not

2

timely produced to the defense . . . ." (ECF No. 299 at 3, 5.) Unhelpfully, Pappas does not explain how any of the Government's purportedly delayed disclosures causes specific prejudice to Pappas's ability to prepare for trial. Nor does he argue that he would have completed any additional investigation if he had received any of the evidence at issue in the Motion at an earlier time. Instead, Pappas generally argues that "[t]he delayed disclosure of information within the [G]overnment's possession, custody or control has negatively affected Mr. Pappas's ability to review the materials with counsel." (*Id.* at 4.)

The Court considers each category of discovery below.[1]

## A.   Expert Discovery

### 1.   EXP_000001 through EXP_00000424

Pappas seeks exclusion of EXP_000001 through EXP_00000424, which includes the Government's expert disclosures regarding the narcotics seized in this case that were produced by the Government on July 6, 2021. (ECF No. 299 at 3; ECF No. 304 at 1–2.)

Pursuant to the undersigned's Revised Practice Standards, "[e]xpert witness disclosures pursuant to Fed. R. Crim. P. 16 shall be made not later than 14 days prior to the Final Trial Preparation Conference . . . ." (WJM Rev. Practice Standards IX.E.) As Pappas concedes in Defendant's Objections to Expert Disclosures of the Government, the Government's expert disclosures were timely. (ECF No. 257 at 3.)

Accordingly, this portion of the Motion is denied.

---

[1] Because Pappas does not describe the specific pieces of discovery at issue in the Motion, the Court will rely on the Government's representations regarding each category of discovery. (*See generally* ECF No. 304.)

3

### 2. EXP_00000451 through EXP_00000458 and reports for Exhibits 40 through 46

Pappas seeks exclusion of various reports from the latent print unit of the DEA lab, which the Government produced to Pappas on July 9, July 19, and July 28, 2021. (ECF No. 299 at 3; ECF No. 304 at 2–5.) The Government represents that these reports pertain to latent print examinations done on plastic baggies seized in this case that the DEA had requested; however, the laboratory was unable to complete its testing before the July 7, 2021 expert disclosure deadline. (ECF No. 304 at 2–3.)

While the Government's disclosures did not comply with the deadline imposed by the undersigned's Revised Practice Standards, the Court will not preclude the Government from using this evidence. After all, because the DEA laboratory did not complete its testing of the baggies before the July 7, 2021 deadline, the Government could not have complied with the undersigned's Revised Practice Standards. The Court finds that the Government did not act in bad faith and that Pappas has not demonstrated that he will suffer any *specific* prejudice as a result of the delay that impacts his ability to prepare his defense.

The Court further notes that Pappas did not request a continuance after receiving this expert discovery. *See United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996) ("when . . . the defendant does not request a continuance after receiving belated discovery, 'a court can often assume that counsel did not need more time to incorporate the information into the defense's game plan.'" (quoting *United States v. Sepulveda*, 15 F.3d 1161, 1178 (1st Cir. 1993)).

Accordingly, this portion of the Motion is denied.

**B.     Jencks Act Materials**

Pappas asks the Court to preclude the Government from introducing as evidence: (1) INV_00000912 through INV_00000914, which include a report summarizing a July 9, 2021 interview of an endorsed Government witness and was produced by the Government on July 13, 2021 and the recorded interview; (2) INV_00000966 through INV_0000993[2], which includes a report of an ATF agent's observations made of pole camera footage previously provided to defense counsel, a document containing still shots from the pole camera footage, and a NCIC printout of an endorsed Government witness that was requested by defense counsel; (3) interview notes from an endorsed Government witness that relate to recorded interviews that were provided in discovery to defense counsel upon their entry into the case in June 2020 and July 2021; and (4) surveillance notes relating to reports, photographs, and videos produced to defense counsel in June 2020 and June 2021.  (ECF No. 299 at 3; ECF No. 304 at 3–5.)  The Government represents that these items are Jencks Act materials and potential *Giglio* materials.  (ECF No. 304 at 3–5.)

Under the Jencks Act, 18 U.S.C. § 3500, the Government, "on motion of the defendant," is required to disclose a Government witness's prior statements that are in the Government's possession and relate to the subject matter of the witness's direct testimony.  The Jencks Act provides that no witness statement shall be discoverable "until said witness has testified on direct examination in the trial of the case."  18. U.S.C. § 3500(a).

---

[2] In the Motion, Pappas erroneously lists this Bates range as INV_00000966 through INV_00000955.  (ECF No. 299 at 3.)  The Court will instead analyze INV_00000966 through INV_00000993, which the Government represents are the documents that it produced to defense counsel on July 23, 2021.  (ECF No. 304 at 4 n.1.)

Pappas has failed to demonstrate that these items are not properly considered Jencks Act materials or were not otherwise produced in a timely manner.[3]  As such, this portion of the Motion is denied.

**C.   Rule 16 Discovery**

   1.   <u>INV_00000894 through INV_00000896 and INV_00000899 through INV_00000911</u>

Pappas seeks to preclude the Government from introducing INV_00000894 through INV_00000896 and INV_00000899 through INV_00000911, which are the results of an administrative subpoena regarding a prescription pill bottle belonging to Pappas, including Pappas's prescription drug monitoring program records, and DEA reports indicating that agents had requested the administrative subpoenas in late-June. (ECF No. 299 at 3; ECF No. 304 at 2–3.)  The Government produced these items to defense counsel on July 8 and July 12, 2021 after they were received from the DEA. (ECF No. 304 at 2–3.)

The Court finds that no discovery sanction is warranted as the Government produced the materials when it received them and did not act in bad faith.  Moreover, Pappas has not demonstrated that any delay caused him *specific* prejudice that impacts his ability to prepare for trial or otherwise present his defense.

   2.   <u>INV_00000915 through INV_00000964</u>

On July 19, 2021, the Government produced to defense counsel INV_00000915

---

[3] The Court further notes that Pappas makes no argument regarding why he believes Rule 16 required the Government to disclose the various reports created by Government agents at an earlier time.  *Cf.* Fed. R. Crim. P. 16(a)(2) ("[T]his rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.  Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. §3500.").

through INV_00000964, which includes a report summarizing a July 13, 2021 interview of staff at ParkSide Realty & Management, LLC, and records pertaining to the lease. (ECF No. 304 at 4.)  The Government represents that it completed this interview after defense counsel provided it with a copy of the lease of Pappas's residence and requested that the Government stipulate to the lease.  (*Id.*)

The Court finds that Pappas has failed to demonstrate that the Government delayed in obtaining or producing these materials, such that the Government should not be permitted to use the evidence at trial.  Notably, Pappas cites no case law demonstrating that the Government is not permitted to continue investigating arguments that it anticipates the defense will raise at trial, or that the Government has failed to comply with any of its continuing discovery obligations under these circumstances.

Accordingly, this portion of the Motion is denied.

### 3.    INV_00000996 through INV_000001529

The Government produced INV_00000996 through INV_000001529, which includes the jail calls of Jorge De La Rosa-Calderon and Pappas, which it requested on July 14, 2021 after the defense notified the Government of its intent to call De La Rosa-Calderon as a defense witness at trial.  (ECF No. 304 at 5.)  The Government received these calls from FCI Englewood on July 28, 2021, and it produced the calls to Pappas the next day.  (*Id.*)

The Court finds that Pappas has failed to demonstrate that the Government delayed in obtaining or producing these materials, such that the jail calls should be excluded as evidence.  Nor has Pappas demonstrated that the Government has failed to comply with any of its continuing discovery obligations under the circumstances of the

case.

Accordingly, this portion of the Motion is denied.

4.     DEA Photographs

On July 29, 2021, the Government produced six photographs of 3460 S. Lincoln Street (the "Residence") that were taken on February 5, 2020.[4]  (ECF No. 304 at 5–6.) Although the Government produced other similar photographs taken by the DEA to defense counsel in July 2020 and June 2021, these six photographs had "inadvertently not been included with the original photographs provided."  (*Id.* at 6.)

Because it appears as though the Government has had these photographs in its possession and control since the beginning of the case, the Court finds that the Government has failed to timely produce these items pursuant to Rule 16.  While the Court has not been presented with any evidence that the Government delayed in producing these photographs to ambush Pappas at trial, the Court believes that, as a matter of equity, the Government should not be permitted to introduce these six photographs at trial.  Moreover, because Pappas's defense is largely predicated on his argument that he did not reside at the Residence, the Court finds that the Government's delay in producing six photographs of the Residence Pappas may cause some prejudice to Pappas, which further warrants the exclusion of the photographs.

Accordingly, this portion of the Motion is granted.

### III. CONCLUSION

For the reasons stated above, the Court ORDERS that Defendant Wesley

---

[4] The Government represents that the six photographs of the Residence include: (1) a wider view of the living room; (2) a closer photograph of a couch in the living room; (3) a photograph of the kitchen; (4) a photograph of the corner of the living room; (5) a wider view of the bedroom; and (6) a photograph of the bathroom.  (ECF No. 304 at 6.)

Pappas's Request for Leave to File an Additional Motion to Exclude Evidence (ECF No. 299 ) is GRANTED IN PART AND DENIED IN PART as set forth herein.

Dated this 2nd day of August, 2021.

BY THE COURT:

_____
William J. Martinez
United States District Judge